KATHLEEN BOLLACI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bollaci v. Commissioner
Docket No. 22839-87
United States Tax Court
T.C. Memo 1991-108; 1991 Tax Ct. Memo LEXIS 125; 61 T.C.M. (CCH) 2137; T.C.M. (RIA) 91108; March 13, 1991, Filed *125 Decision will be entered under Rule 155.
James O. Druker, for the petitioner. Nancy Chassman Rothbaum, for the respondent. CLAPP, Judge. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in and additions to the joint Federal income tax of Kathleen Bollaci (petitioner) and Brian Bollaci (Brian) as follows: Additions to tax
Year
Deficiency
sec. 6653(a)(1)
sec. 6653(a)(2)
1983
$ 7,546.62
$ 377.33
50% of the interest
due on the deficiency
The deficiency determined by respondent in the notice of deficiency was increased to $ 25,281.13 in the amendment to answer. The amount of the deficiency in tax is not in dispute. The issue is whether petitioner is entitled to innocent spouse relief under section 6013(e). All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner resided in Locust Valley, New York when she filed her petition. Petitioner was married to Brian during 1983. They filed a joint Federal income *126 tax return for that year. Petitioner and Brian were divorced in 1985. The following items were omitted from 1983 income: Long-term capital gain
$ 56,250
Dividend income
2,675
Interest income
1,593
Other income
1,000
Total
$ 61,518
The $ 56,250 gain was from the 1983 sale of their house, which petitioner and Brian had purchased for $ 65,000 and owned as tenants by the entirety. The sales price was $ 121,250. Petitioner and Brian received cash proceeds of $ 73,739.56 on the closing of the sale on October 13, 1983. Petitioner and Brian never purchased another residence. In the spring of 1983, they moved into a larger rented house in which they lived for the rest of 1983. The following deductions were improperly claimed on petitioner's and Brian's 1983 joint return: Misc. expenses daily
$ 14,993.43
Car
6,741.54
Car insurance
943.30
Gas and service
3,314.62
Garden City Golf Club
3,815.51
Telephone
447.26
Heat (oil)
1,639.15
Office rent
3,633.00
Electricity
450.53
Home insurance
111.60
Water
11.97
Total
$ 36,101.91
The miscellaneous expenses daily, car, car insurance, and gas and service were claimed in connection with Brian's employment as *127 a salesman for the Acushnet Company. Brian sold golf supplies to country clubs and golf shops. He usually made sales calls 5 days a week from approximately 9 a.m. or 10 a.m. until 3 p.m. Brian received between 8 and 10 telephone calls per day from golf professionals who called because they needed to purchase golf items. Petitioner took telephone messages for Brian when customers called. On occasion when petitioner and Brian were going somewhere together, Brian would stop and make a sales call while she waited in the car. Petitioner had a general understanding of how her husband's business worked. The Garden City Golf Club deduction was for amounts paid by Brian to the club in 1983. Brian played golf at the club. His membership in and use of the club were strictly personal as he never entertained clients there. Petitioner knew of the personal nature of Brian's use of the club. The telephone, heat, office rent, electricity, home insurance, and water deductions were claimed in connection with Brian's home office. The home office was in the basement of the rented house and was approximately 8 by 12 feet (96 square feet) in the 3,000 square feet home. Petitioner had four children *128 and did not work outside the home during 1983. When petitioner bought groceries, she charged them on her charge account at a local grocery store. Petitioner also used Visa and Mastercard to make purchases. Brian paid the bills for the charges. Petitioner and Brian had a joint checking account during 1983. Brian wrote most checks, and petitioner wrote checks for some items, such as things for the children at school. Brian prepared the 1983 joint Federal income tax return with the help of his father. Petitioner did not remember signing the joint return, although she did sign it. Petitioner never read the return before signing it. OPINION Entitlement to innocent spouse relief can be considered on an item by item basis. ; ; . We have considered each of the various types of errors which gave rise to the deficiency in this case. We hold that petitioner is not entitled to innocent spouse relief with respect to any portion of the deficiency. 1. Gain on the sale of the house.
To qualify *129 for innocent spouse relief, a spouse must establish that in signing the return, he or she did not know, and had no reason to know, that there was a substantial understatement of tax. Sec. 6013(e)(1)(C). When a spouse knows the circumstances of a sale that generates income which is omitted from a joint return, the spouse is deemed to know of the omission and does not qualify for relief even if she was unaware of the tax consequences of the sale. ; , affd. . No one item in the record definitively shows whether petitioner had knowledge of the sale of the house. However, considering all the facts and circumstances, we conclude that petitioner must have had such knowledge. In her deposition to which the parties have stipulated, petitioner stated that she and Brian moved from the residence which they had purchased for $ 65,000 to a rented house in 1983. Petitioner did not make any statements regarding her knowledge of the sale of the house in her deposition, or in her testimony at trial, nor *130 did the parties stipulate to such knowledge. However, the deed and other documents from the closing of the sale were stipulated and were signed by petitioner. Thus, petitioner participated in the sale at least by signing all necessary documents. These documents effected the sale and listed the sales price of the house, $ 121,250. Petitioner either read or should have read such documents. Even if she did not read them, we attribute knowledge of the contents of the documents to her. As petitioner knew of the underlying transaction, it is irrelevant whether she knew of the tax consequences of the sale. Thus, she has not met the requirement of section 6013(e)(1)(C) that in signing the return she did not know that there was a substantial understatement of tax with respect to the omission of the gain from the sale. 2. Interest, dividend, and other income.
To qualify for innocent spouse relief regarding the omitted interest, dividend, and other income, petitioner bears the burden of proving that she did not have actual knowledge or reason to know of such income. There is no evidence in the record regarding whether petitioner had actual knowledge or reason to know of these items *131 of income. Neither party addresses this topic on brief. Thus, petitioner, who carries the burden of proof, does not qualify for innocent spouse relief with respect to any of these items. 3. Business travel, club, and office expenses.
A taxpayer carries the burden of proving that a substantial understatement of tax attributable to claims of deduction exceeds a specified percentage of adjusted gross income in the preadjustment year. Sec. 6013(e)(4); ; ; see also . "Preadjustment year" means the most recent taxable year of the spouse ending before the date the deficiency notice is mailed. Sec. 6013(e)(4)(C). Respondent mailed the notice of deficiency to petitioner on April 15, 1987. Assuming that petitioner continued to be a calendar year taxpayer, the preadjustment year would be the calendar year 1986. However, there is no evidence in the record regarding petitioner's income in any year but 1983. Petitioner has not carried her burden of proof that she has met the requirement *132 of section 6013(e)(4). At this point we have determined that all the items for which petitioner seeks innocent spouse relief do not meet at least one of the requirements of the innocent spouse statute, section 6013(e). There are additional requisites of section 6013(e), and the parties have addressed some of these issues in their briefs. However, as petitioner's failure to prove any one of the statutory requirements prevents her from qualifying for relief, , affg. a Memorandum Opinion of this Court; , we end our analysis here. The final issue is whether petitioner is liable for additions to tax under section 6653(a)(1) and (2). Petitioner argues that she was not negligent in failing to inquire as to the content of the 1983 joint Federal income tax return. She testified that she did not even read the return before signing it. The voluntary failure to read a return and blind reliance on another for the accuracy of a return are not sufficient bases to avoid liability for negligence additions to tax. , *133 remanded on other grounds ; ; . Petitioner is liable for the additions to tax. Decision will be entered under Rule 155.